WOODS *v.* STATE

*J. O. Clarke,* Iuka, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

ETHRIDGE, J.

Appellant Jordan Woods was indicted for the murder of Clayton Murphy. The jury found him guilty of manslaughter. The judgment of the Circuit Court of Tishomingo County based thereon sentenced him to five years in the state penitentiary.

Woods contends that he was entitled to a peremptory instruction, for the reason that the evidence does not show that Murphy died of the gunshot wounds inflicted by defendant, and does not show the cause of Murphy's death. The State's version of the killing was evidenced by the testimony of two eyewitnesses, Whitehurst Murphy, brother of deceased, and Noonan Aldridge, deceased's brother-in-law. These two men, defendant Woods and Clayton Murchy went to Woods' house with food, and whiskey, which Clayton Murphy had purchased. Woods and Aldridge had an argument about some money Aldridge allegedly owed Woods, so Aldridge and the two Murphys left, but later returned to get the whiskey. Woods refused to turn it over to them, and in an argument cut Whitehurst and Clayton Murphy with a knife. Clayton then shoved Woods back. Woods ran in the house, grabbed a shotgun and, while standing on the porch, shot Clayton Murphy, who was standing on the ground near the steps, about 8 to 10 feet away from him. Clayton was not armed at the time and had made no threatening gestures toward the defendant. Prior thereto, defendant had cut Clayton on the arm, and when

Woods shot him Clayton was stooped over pulling his shirt sleeve up to examine the wound. The buckshot from Woods' shotgun struck Murphy on the left side of the chin, knocking part of it off, and ranged downward into the left side of his chest. He was killed instantly.

Appellant and his brother Shelley Woods testified to support the defense's version of the killing. Appellant admitted shooting Clayton Murphy, but said that it was done in necessary self defense; that Aldridge and the two Murphys assaulted him near his barn for the purpose of killing him; that he ran to his house with Whitehurst and Clayton Murphy chasing him. Woods grabbed his gun, Whitehurst jumped back, and Clayton was rapidly advancing on him up the steps when he shot him.

The jury was amply warranted in concluding on this conflicting evidence that appellant was guilty of manslaughter, pursuant to the manslaughter instruction granted the State. The corpus delicti in a homicide case consists of the fact of death and the fact of the existence of a criminal agency causing the death. Jones v. State, 88 So. 2d 91, 96 (Miss. 1956). The State's evidence supports a finding of the existence of these two facts, and that death resulted from appellant's actions. Freeman v. State, 89 So. 2d 716 (Miss. 1956).

The degree of appellant's guilt was a question for the jury. It was justified in finding him guilty of manslaughter. Moreover, where the evidence is sufficient to convict for murder, the defendant cannot complain of the granting of a manslaughter instruction, if he has been convicted of manslaughter. Thigpen v. State, 219 Miss. 517, 522, 69 So. 2d 241 (1954); Perkins v. State, No. 40,240, decided November 19, 1956.

Affirmed.

*McGehee, C. J.,* and *Lee, Holmes* and *Gillespie, JJ.,* concur.